## Lewis v. Morgan, et al.

### (Decided December 7, 1917.)

### Appeal from Caldwell Circuit Court.

Contracts—Breach of Contract—Pleading.—In an action upon a contract the petition must aver a breach of contract by the defendant; it is not sufficient for the petition to allege that a third person broke his contract with the plaintiff and that the defendant knew of the breach at the time he contracted with the plaintiff.

J. ELLIOTT BAKER for appellant.

MILLER & MORSE for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

This appeal presents the single question of the sufficiency of the petition as amended.

In 1916 the appellant George W. Lewis owned a tract of land in Caldwell county upon which he lived. He was about ninety years old and his wife was dead. His son, George B. Lewis and Susie Lewis, his wife, resided upon the land with their father. George W. Lewis owed Dr. Barber $62.00 which was secured by a mortgage upon the tract of land above referred to. The son, George B. Lewis, owed R. R. Morgan $100.00 which was not secured in any way. On March 27, 1916, George W. Lewis (George B. Lewis and Susie, his wife, joining as grantors) conveyed the land in question to R. R. Morgan for a consideration of $300.00, $200.00 thereof being in cash, and a note for the remaining $100.00 was executed by Morgan, payable January 1, 1917. The deed, however, reserved a life estate in the land to the grantor, George W. Lewis. Morgan paid Dr. Barber's debt out of the cash part of the consideration.

It does not appear from the original petition what was done with the balance of the cash consideration, or to whom the note was payable. In this respect the petition merely alleges that the plaintiff, George W. Lewis, received no part of the $200.00, and that the note was never delivered to him.

On August 4, 1916, George W. Lewis brought this action against R. R. Morgan and his wife, and George B. Lewis and his wife, Susie Lewis, asking that the deed and note be cancelled upon the ground that they had been procured through fraud, duress and undue influence exerted over him by his son, George B. Lewis. The peti-

tion further alleges that Morgan and George B. Lewis entered into a conspiracy to cheat and defraud the plaintiff out of his land and to collect the debt of $200.00 which George B. Lewis owed to Morgan, that George B. Lewis was to receive whatever surplus the land might sell for after the payment of Dr. Barber's debt and the debt of $200.00 due from George B. Lewis to Morgan; and that in order to carry out the scheme, George B. Lewis promised and agreed to take care of his father and provide for him, furnish him with food, raiment, and medicine as long as he lived, provided he would sign the deed to Morgan. And, the petition further alleges that George B. Lewis told his father that if he did not convey the land to Morgan, George B. would move away and leave his father without any one to care for him; that it was by means of this threat, which he construed to be undue influence, fraud and deceit, that he was induced to sign the deed to Morgan; that in a few days thereafter George B. Lewis moved away leaving his father alone without food and with no one to take care of him; that since said time plaintiff has been cared for at the expense of the county at the county poor house; and that the consideration for the deed has failed except to the extent of the debt which he owed to Dr. Barber. With relation to Morgan the petition alleges that Morgan knew of George B. Lewis's promise to care for and support his father and of the threat to desert him as above related.

The amended petition further alleges that Morgan knew the conditions and consideration of the deed at the time he accepted it, and knew of the agreement of George B. Lewis to support his father; that Morgan gave his note for $100.00 to George B. Lewis who discounted it to the First National Bank of Princeton, with Morgan's knowledge; that Morgan knew, when he accepted the deed, that George B. Lewis would not carry out his contract with the plaintiff, and that George B. Lewis's promise was made with the intention to cheat and defraud the plaintiff out of the land described in the petition.

The defendants, George B. Lewis and Morgan, filed separate answers denying the charges of fraud. George B. Lewis, however, admitted having made the contract to support his father, and alleged that George W. Lewis drove George B. and his wife from the place, threatening to strike Susie Lewis; and that he is still ready, able and willing to care for his father and to fully carry out his contract.

On March 7, 1917, the action was dismissed without prejudice upon the motion of the plaintiff, but two days later the order of dismissal was set aside and the action reinstated upon the motion of the plaintiff.

Morgan's demurrer to the petition was sustained and plaintiff amended; and Morgan having moved the court to strike the amended petition from the record upon the ground that it did not amend the petition, and stated no cause of action, the court treated the motion as a demurrer and sustained it. The plaintiff having declined to further plead the court dismissed the action and the plaintiff appealed.

Neither the petition nor the amended petition alleges that Morgan undertook to support the plaintiff, or that he undertook or guaranteed that George B. Lewis would support his father; it nowhere alleges that the land was worth more than $300.00 or that Morgan never paid the full consideration called for by the deed. The substance of the petition is that the deed was procured by the threat of George B. Lewis that he would leave his father unless he signed the deed, and that Morgan knew of that fact. The petition in no way imputes to Morgan any contract that he has not kept.

In an action upon a contract the petition must aver a breach of contract by the defendant. The general allegation that George B. Lewis and Morgan entered into a conspiracy to deprive the appellant of his land amounts to nothing in the face of the further specific allegations showing the facts of the alleged conspiracy which failed to show any illegal act upon the part of Morgan. The petition does not allege that Morgan participated in the threat or coercion of George W. Lewis, or that the land was worth any more than Morgan paid for it.

The mere fact that Morgan knew of the contract between George B. Lewis and his father or that George B. did not intend to carry out his contract, cannot affect Morgan's contract of an entirely different nature. The deed did not recite the contract of support; that was verbal and between George W. and George B. Lewis alone. It does not appear from the pleadings why George B. Lewis and his wife joined as grantors in the deed unless it can be inferred that George B. possibly owned or claimed an interest in his own right by descent from his mother.

The appellant's cause of action rests upon George B. Lewis's breach of his contract with his father; but that is no ground for setting aside the conveyance to Morgan. George W. Lewis still owns a life estate in the land; Morgan's interest is in remainder.

Judgment affirmed.